# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT HARRIS, | **Case No. 1:17-cv-01750-AWI-SKO** |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| SERGEANT MIKE SEVERSON, individually and in his official capacity, and CITY OF FRESNO, individually and in their official capacity, | **30 DAY DEADLINE** |
| Defendants.              / | |

## I.      BACKGROUND

Plaintiff, Bert Harris, is a prisoner in the custody of Fresno County Jail.  On December 27, 2017, Plaintiff, proceeding *pro se*, filed a civil rights complaint against Defendants Sergeant Mike Severson and the City of Fresno purporting to allege causes of action for excessive force and failure to properly train officers in violation of Plaintiff's "8th Amendment Rights to the United States Constitution," apparently arising out of his arrest by Defendants.  (Doc. 1 ("Compl.") at 3– 4.)  Plaintiff seeks compensatory damages, punitive damages, and a declaration that Defendants violated Plaintiff's rights "under the Constitution and laws of the United States."  (*Id.* at 6.)  Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on January 10, 2018.  (Docs. 2 & 3.)  Plaintiff's Complaint is now before the Court for screening.

## II.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III. DISCUSSION

**A.    Plaintiff's Allegations**

Plaintiff alleges that on December 6, 2017, an unknown vehicle "roard [sic] its engine and sped towards [him], giving [him] a notion that he was going to be the victim of a drive-by shooting or possible robbery." (Compl. at 3.) Plaintiff alleges that the vehicle chased him as he "fled for his life on his bicycle." (*Id.*) Plaintiff contends that the vehicle "tried to ram the bicycle on more than one instance, causing [him] to lose his balance and fall off his bicycle." (*Id.*) According to Plaintiff, he began "fleeing for his life on foot when he heard a man's voice yell from the vehicle, 'You think I'm not gonna get your black ass,' followed by a gunshot that struck

[him] in the rear torso and exited from the front of his torso." (*Id*.) Plaintiff alleges that Defendant Severson, a sergeant with the "M.A.G.I.C. team" of the police department, "never identified himself as law enforcement at any time or prior to shooting Plaintiff." (*Id*.) Plaintiff alleges that Defendant Severson "fabricated the police report & media coverage." (*Id*.)

Plaintiff contends that the City of Fresno failed to properly its police officers, as evidenced by Defendant Severson's "failure to identify himself as a police officer to [Plaintiff] while occupying an unmarked silver truck" and by Defendant Severson's "pursuit of [Plaintiff] following by the shooting of [Plaintiff] as his back was facing the officer." (Compl. at 4.)

**B.     Plaintiff Cannot State a Claim Under the Eighth Amendment.**

The gravamen of Plaintiff's Complaint is that Defendant Severson used excessive force, apparently during the course of Plaintiff's arrest. (*See* Compl. at 3.) Plaintiff also asserts that Defendant City of Fresno failed to properly train its police officers. (*See id*. at 4.) Plaintiff alleges that these acts amount to claims under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights.

**1.     Defendant Severson**

The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. Because Plaintiff was not a convicted prisoner at the time, the Fourth Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force. *See Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct"; where excessive force claim arises in the context of effecting arrest it is properly characterized as invoking the protections of the Fourth Amendment); *Reed v. Hoyt*, 909 F.2d 324, 329 (9th Cir.1989), *cert. denied*, 501 U.S. 1250 (1991) ("[E]xcessive force claims arising before or during arrest are to be analyzed exclusively

under the fourth amendment's reasonableness standard rather than the due process standard . . . .").

Although Plaintiff has alleged that Defendant Severson used "excessive force," Plaintiff has not identified the Fourth Amendment as the precise constitutional violation charged in his Complaint. However, the Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency.[1] To the extent Plaintiff wishes to proceed with his excessive force claim under 42 U.S.C. § 1983 against Defendant Severson in his individual capacity[2] for

---

[1] It bears noting that Plaintiff's excessive force allegations do not implicate the Court's discretion to stay the action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 387 (1994). In *Heck*, the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. *See id.* at 486–87. A claim for damages bearing such relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (holding *Heck* does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" (italics in original)). Rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94. Thus, if a judgment for Plaintiff on any of his civil claims would "necessarily imply the invalidity of a conviction" on any of the pending criminal charges against him, the Court has discretion to stay Plaintiff's civil action until the resolution of that criminal charge. *Heck*, 512 U.S. at 487.

A court 'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. v. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir.1992); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir.1979). Here, the Court takes judicial notice of Plaintiff's pending criminal action in this Court, *United States. v. Harris*, Case No. 1:18-cr-00003-DAD-BAM, in which Plaintiff has been charged with three counts: "Using or Carrying a Firearm in Relation to a Drug Trafficking Crime" in violation of 18 U.S.C. § 924(c); "Possession of a Firearm by a Prohibited Person" in violation of 18 U.S.C. § 922(g)(1); and "Possession with Intent to Distribute Methamphetamine" in violation of 21 U.S.C. 841(a)(1). (*See id.* at Doc. 1.) Because judgment for Plaintiff on his excessive force claim would not "necessarily imply the invalidity of a conviction" on any of these pending criminal charges, *Heck* does not apply. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("The officers' alleged use of excessive force during Guerrero's arrest does not preclude the possibility that Guerrero was still guilty of possession of narcotics.); *Kong Meng Xiong v. City of Merced*, No. 1:13–cv–00083–SKO, 2015 WL 4598861, at *16 (E.D. Cal. July 29, 2015) (holding that *Heck* did not bar the plaintiff's excessive force claims, finding "[w]hether or not the officers in this case exercised reasonable force by discharging their weapons and shooting [the plaintiff] does not implicate his conviction for being a felon in possession of a firearm."). *See also Campos v. City of Merced*, 709 F. Supp. 2d 944, 961 (E.D. Cal. 2010) (holding that *Heck* did not bar the plaintiff's excessive force claims, noting "[o]rdinarily, *Heck* would not bar a court from hearing a claim for excessive force because such claims do not ordinarily impugn the underlying conviction.") (citing *Smithart v. Towery*, 79 F.3d 951, 952–53 (9th Cir. 1996)).

[2] Plaintiff purports to bring his claim against Defendant Severson "individually and in his official capacity." (Compl. at 1.) However, a claim under Section 1983 for money damages, such as that asserted by Plaintiff, cannot be brought against Defendant Severson in his "official capacity." *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 . . . ."); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). In contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

4

violation of Plaintiff's *Fourth* Amendment rights, Plaintiff must allege that Defendant Severson's use of force was objectively unreasonable in light of the facts and circumstances confronting the officers, without regard to the officer's underlying intent or motivation. *See Graham*, 490 U.S. at 397. The Court is to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The "reasonableness" of the force used in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Id.*

### 2. Defendant City of Fresno

A local governmental entity may "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). To state a claim for failure to train, a plaintiff must allege facts showing that the alleged failure amounted to deliberate indifference. *Edgerly v. City and County of San Francisco*, 495 F.3d 645, 661 (9th Cir. 2007) (citing *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that, to establish supervisor liability for failure to train, a plaintiff must show that the failure "amounted to deliberate indifference"). A plaintiff must allege facts showing that not only was the particular training inadequate, but also such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Cannell*, 143 F.3d at 1213; *see also Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.").

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there

---

Liability in a personal-capacity suit can be demonstrated by showing that the official, acting under color of state law, caused the deprivation of a federal right. *See id.* at 166.

exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" *Flores*, 758 F.3d at 1159 (quoting *Connick*, 563 U.S. at 62–63). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." *Connick*, 563 U.S. at 63–64 (discussing *Canton*, 489 U.S. 378). In *Connick*, the Court concluded that failure to train liability could not be imposed upon a district attorney's office based upon a single Brady violation, concluding that "[t]hat sort of nuance [in training] simply cannot support an inference of deliberate indifference." *Id.* at 67.

As set forth above, Plaintiff's allegation that Defendant City of Fresno failed to properly train its police officers does not state a claim under § 1983 for violation of Plaintiff's *Eighth* Amendment rights. In addition, Plaintiff makes only vague and conclusory assertions that Defendant City of Fresno failed to adequately train its officers because Defendant Severson failed to identify himself as law enforcement and ultimately shot him in the back. Plaintiff also fails to allege facts to support any particular training deficiency or that such deficiency was the result of a deliberate choice. Plaintiff has neither alleged facts showing a pre-existing pattern of constitutional violations stemming from the alleged failure to train its police officers, nor alleged that the unconstitutional consequences of failing to train Defendant Severson were "patently obvious" such that liability could be predicated. For these reasons, Plaintiff fails to state a claim for failure to train against Defendant City of Fresno. In view of the Ninth Circuit's admonition that leave to amend should be afforded to pro se parties, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the Court will grant Plaintiff leave to amend his Complaint to attempt to state a claim under § 1983 against Defendant City of Fresno for failing to properly train Defendant Severson in violation of Plaintiff's *Fourth* Amendment rights.[3]

---

[3] Plaintiff also purports to sue the City of Fresno in its individual capacity. This is improper. An individual-capacity suit "seek[s] to impose personal liability upon a government official for actions he takes under color of state law," in contrast to an official-capacity suit, which "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 966 (9th Cir.2010) (internal quotation marks omitted). Thus, the distinction between individual and official capacity does not apply in the case of a direct suit against a government entity, which should be sued in an official capacity only. *See Della Vella v. Washoe*

# IV.    CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ .P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's Complaint is dismissed for failure to state a cognizable federal claim;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3.    **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:    **February 13, 2018**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

*Cty.*, No. 3:10-CV-00527-RCJ, 2013 WL 1249693, at *3 (D. Nev. Mar. 25, 2013) (dismissing claims against Washoe County in its individual capacity with prejudice on grounds that the County "exists only in an official capacity.").