# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT MIKE SEVERSON, individually and in his official capacity, and CITY OF FRESNO, individually and in their official capacity,<br><br>    Defendants. | Case No. 1:17-cv-1750-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINITFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 4, 5.)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Bert Harris, is a prisoner in the custody of Fresno County Jail. On December 27, 2017, Plaintiff, proceeding *pro se*, filed a civil rights complaint against Defendants Sergeant Mike Severson and the City of Fresno purporting to allege causes of action for excessive force and failure to properly train officers in violation of Plaintiff's "8th Amendment Rights to the United States Constitution," apparently arising out of his arrest by Defendants. (Doc. 1 at 3–4.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on January 10, 2018. (Docs. 2 & 3.)

On February 13, 2018, the undersigned issued a screening order dismissing the Complaint for failure to state any cognizable claims and granting Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) More than thirty days have lapsed without Plaintiff having filed an amended complaint or other response to the Court's screening order.

On March 20, 3018, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with the Court's order and for

failure to state a claim. (Doc. 5.) Plaintiff was warned that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action for his failure to obey a court order, failure to prosecute, and failure to state a cognizable claim. (*Id.*) Plaintiff has not yet filed any response.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order that dismissed the Complaint, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **<u>Within twenty-one (21) days</u>** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

---

[1] The order to show cause was retuned as undeliverable on April 4, 2018, and was re-served by mail on April 6, 2018. (*See* Docket.)

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 3, 2018**__  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE